**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO BENITEZ,<br><br>                  Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>                  Respondents. | Case No. 1:26-cv-05078-JLT-EPG<br><br>A-Number: 095-084-959<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Before the Court is Jose Antonio Benitez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition. (Doc. 1).

## I.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II.    FACTUAL BACKGROUND

Petitioner is from El Salvador. He entered the United States without inspection as a minor in approximately November 1998. (Doc. 1 at 16, ¶ 63.; Doc. 6 at 6.) Petitioner previously maintained Temporary Protected Status until it expired on March 9, 2025. (Doc. 6 at 7.) Petitioner is the father of three United States citizen children, aged 16, 10, and 6. (Doc. 1 at 16, ¶ 63.) Petitioner's wife is a lawful permanent resident, who has filed a Form I-130 Petition for Alien Relative on his behalf. (*Id*.)

Petitioner was convicted of two DUIs, the first in September 2007, and the second in October 2015. (*Id*.) In March 2026, Petitioner was stopped and detained by ICE in Dallas, Texas. (Doc. 1 at 16, ¶ 64.) Petitioner was charged with fleeing from a police officer and violating Texas Penal Code § 38.02(c)(2) – Failure to Identify Giving False/Fictitious Information. (Doc. 6 at 6.) Petitioner was issued a Notice to Appear, charging him as inadmissible pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 12.) Petitioner is detained at Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 at 1.)

## III.    DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 6 at 1-2.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a).

The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no evidence that Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2.   **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3.   Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4.   **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.   Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7.   The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

///

///

3

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  August 6, 2026

UNITED STATES DISTRICT JUDGE